THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PHUNG CA LONG,

Defendant.

Case No. CR10-0112

REPORT AND RECOMMENDATION

On the 6th day of February 2014, this matter came on for hearing on the Request for Hearing (docket number 60) filed by the Defendant on January 15, 2014. The United States was represented by assistant United States Attorney Martin J. McLaughlin. Defendant Phung Ca Long appeared in person, and was unrepresented by counsel.

## I. RELEVANT FACTS AND PROCEEDINGS.

On August 1, 2011, Defendant was sentenced to 30 months' imprisonment following her plea of guilty to conspiracy to harbor aliens for commercial gain and making false statements relating to a healthcare matter. Defendant was also ordered to pay restitution in the amount of $22,695.98. Defendant has completed her prison term and is now serving a 3-year term of supervised release.

Defendant is employed as a kitchen helper at Lotus Chinese Restaurant, working 40 hours per week. She is paid a salary of $800 every two weeks. Defendant lives with her 17-year-old daughter and 9-year-old son. According to Defendant, her daughter will graduate from high school this year and has been accepted to attend the University of Iowa next fall.

On August 7, 2013, the United States filed an application for writ of continuing garnishment, directed to Lotus Chinese Restaurant. In an answer filed on August 21,

2013, Lotus Chinese Restaurant reported that it owes Defendant $800 for "estimated wages paid bi-monthly."[1] On December 3, 2013, the Court entered a Final Order in Garnishment (docket number 56), directing Lotus Chinese Restaurant to pay the United States "15% of defendant's disposable earnings for a period of 12 months, after which the garnishment may increase to the lesser of (a) 25% of defendant's disposable earnings or (b) the amount by which defendant's disposable earnings exceed 30 times the federal minimum hourly wage."[2]

At the hearing, Mr. McLaughlin reported that Lotus Chinese Restaurant has paid the United States $104.37 every two weeks since August 2013, with the last payment received on January 24, 2014. At the time of hearing, the balance owed by Defendant was $21,292.85.

The United States is also attempting to collect the judgment by garnishing a Roth individual retirement account ("Roth IRA") held by Defendant at American Funds. On December 2, 2013, the United States filed an application for writ of continuing garnishment directed to American Funds. American Funds answered on December 23, 2013, stating it is the transfer agent for a Roth IRA held for Defendant. As of December 13, 2013, the value of the Roth IRA was $7,849.46. Because the account is invested in mutual funds, the value fluctuates daily. Also attached to American Funds' answer was a copy of the Custodial Agreement.

Mr. McLaughlin reported at the hearing that he has communicated with American Funds regarding garnishment of the account, and the possible tax consequences if the account is surrendered. Apparently, no final determination has been made in that regard.

---

[1] The Court assumes the answer is intended to reflect "twice per month," rather than "every two months." The Court also notes the answer varies slightly from Defendant's testimony that she is paid every two weeks.

[2] Mr. McLaughlin stated that the United States agreed to the lower initial percentage (15%) at the request of Defendant's probation officer.

Mr. McLaughlin assured the Court that before the United States seeks a final order directing American Funds to pay the account balance to the United States, the Government will contact Defendant and notify her of any significant tax consequences, so that the tax consequences may be minimized, if possible.

## II. DISCUSSION

In her "request for hearing," Defendant does not identify the nature of her objection. That is, Defendant did not provide any *legal* argument, or cite any legal authority, regarding the garnishment of her wages or the garnishment of her Roth IRA. At the time of hearing, however, Defendant stated that it is difficult to support herself and her two children after a portion of her wages are garnished. Defendant expressed concern that if the amount of the garnishment is increased from 15% to 25%, then she will be unable to pay her bills.

The procedure for enforcing a judgment, including restitution, is set forth in 18 U.S.C. § 3613. The United States may enforce its judgment in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. § 3613(a). Specifically, "[n]otwithstanding any other Federal law, a judgment imposing a fine may be enforced against all property or rights to property of the person fined."[3] *Id.* The Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, is one of the procedures available to the Government to enforce a fine. *United States v. Rice*, 196 F. Supp. 2d 1196, 1197 n.1 (N.D. Okla. 2002). Under the FDCPA, one of the authorized enforcement procedures is a writ of garnishment. A court can "issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205.

---

[3] While § 3613(a) refers to a "fine," § 3613(f) states that all provisions in § 3613 "are available to the United States for the enforcement of an order of restitution."

3

The Government's authority to garnish Defendant's interest in property pursuant to 18 U.S.C. § 3613 is subject, however, to three exceptions:

    (1)    property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

    (2)    section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

    (3)    the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

As set forth above, the first exception applies to property which is exempt from taxes under the Internal Revenue Code. This exception is not applicable here. The exemptions identified in subparagraph (1) refer to wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of a trade, business, or profession; unemployment benefits; undelivered mail; annuity or pension payments under the Railroad Retirement Act or special pension payments received by a serviceman; workmen's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under the Job Training Partnership Act. *See* 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12). Notably, subparagraph (9) of § 6334(a), referring to a minimum exemption for wages, salary, and other income, is *not* included in the exception found in § 3613(a)(1). Accordingly, it is clear that Defendant's wages are subject to garnishment, although the amount of the garnishment is limited pursuant to § 3613(a)(3), as discussed below.

The second exception — found in § 3613(a)(2) — refers to an election to exempt property under the Federal Debt Collection Procedures found in Chapter 176 of Title 28.

One exemption ordinarily available under the FDCPA is an exemption for pension benefits. *Rice*, 196 F. Supp. 2d at 1199. The clear language of subparagraph (2) provides, however, that the provisions of 28 U.S.C. § 3014 "shall not apply" to the United States' enforcement of its judgment for a fine or restitution. "The legislative history also makes it clear that the only property exempt from execution for a criminal fine is that property in § 3613(a)(1), which is a subset of that property exempted from levy for the collection of income taxes under 28 U.S.C. § 6334(a)." *Id.*

The third exception — subparagraph (3) of § 3613(a) — provides that the Consumer Credit Protection Act shall apply to enforcement of the judgment. Specifically, the maximum allowable garnishment may generally not exceed (1) 25% of the debtor's disposable earnings, or (2) the amount by which her disposable earnings exceed 30 times the federal minimum hourly wage for one week, whichever is less. *See* 15 U.S.C. § 1673(a). Subparagraph (3) does not afford Defendant any relief in this case, however, because the United States is *not* seeking to garnish wages in excess of that permitted by the Consumer Credit Protection Act.

In summary, 18 U.S.C. § 3613 authorizes the United States to enforce its judgment for restitution "against all property or rights to property" of Defendant. The three exceptions found in § 3613(a) do not provide Defendant with any relief in this case. Accordingly, I believe § 3613 permits the United States to garnish Defendant's wages and garnish her interest in a Roth IRA. In its answer to the writ of garnishment, however, American Funds notes that the Custodial Agreement contains a "spendthrift clause," which states:

> Neither the assets nor the benefits provided for hereunder shall be subject to alienation, anticipation, assignment, garnishment, attachment, execution or levy of any kind, and any attempt to cause such benefits to be so subjected shall not be recognized. The Owner shall have no right to assign, transfer or pledge any interest in the Account, and the Owner's interest in the Account shall not be subject to any claims of creditors.

Custodial Agreement at 7, § 11(a) (docket number 57-1 at 9).

However, § 11(c) of the Custodial Agreement states an exception:

> Notwithstanding anything to the contrary in this Agreement. including Section 11(a), to the extent permitted by applicable federal law, the Custodian, upon receipt of an Internal Revenue Service levy against the Owner or Account ("Levy"), may redeem shares, with or without notice to the Owner or Beneficiary, of the Fund or Funds in the Account and forward the proceeds to satisfy such a Levy.

Custodial Agreement at 7, § 11(c) (docket number 57-1 at 9).

Courts have held that anti-alienation provisions in ERISA-qualified plans can be garnished by the government under § 3613(a). In *United States v. Cunningham*, 866 F. Supp. 2d 1050 (S.D. Iowa 2012), the Court rejected the defendant's argument that ERISA's anti-alienation provision prohibited the government from garnishing her pension plan. The Court reasoned that the phrase "notwithstanding any other Federal law" in § 3613(a) indicates that the statute "override[s] ERISA's anti-alienation provision and allow[s] the government to reach defendants' ERISA-covered retirement plan benefits when enforcing criminal restitution orders." *Id.* at 1056 (quoting *United States v. Novak*, 476 F.3d 1041, 1049 (9th Cir. 2007)). Similarly, in *United States v. James*, 312 F. Supp. 2d 809 (E.D. Va. 2004), the Court held that ERISA did not bar the government from garnishing the defendant's retirement account in order to enforce a criminal restitution order. The Court explained that § 3613(a) operates as a "congressionally-created exception" to the anti-alienation provision of ERISA. *Id.* at 805. The Court concluded that "[b]ecause defendant's interest in an ERISA qualified plan does not fit within any of the exceptions listed in § 3613(a), it follows that ERISA is no bar to garnishment of a qualified pension plan to collect a criminal restitution order." *Id.* See also *United States v. Irving*, 452 F.3d 110 (2d Cir. 2006) (stating that enforcement of a

criminal fine against retirement accounts does not violate ERISA's anti-alienation provision).

I believe the same reasoning applies to Defendant's interest in a Roth IRA. The Government is given broad authority in § 3613(a) to enforce its judgment for restitution "against all property or rights to property" of Defendant, subject to three exceptions. As set forth above, however, the three exceptions are inapplicable here. Defendant has failed to meet her burden of proving that an exception to garnishment applies and, therefore, her "objection" must fail.

### III. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that Defendant's "objection" to the Government's garnishment be **DENIED**. The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on February 6, 2014.*

DATED this 24th day of February, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA